IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| PEDRO MARTINEZ-NEGRETE, § § | |
| Movant, § § | |
| V. § § | NO. 4:19-CV-485-O (NO. 4:17-CR-098-O) |
| UNITED STATES OF AMERICA, § § | |
| Respondent. § | |

**OPINION AND ORDER**

Came on for consideration the motion of Pedro Martinez-Negrete, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the reply, the record, including the record in the underlying criminal case, No. 4:17-CR-098-O, and applicable authorities, finds that the motion should be denied.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On June 6, 2017, movant was named in a one-count indictment charging him with illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1). CR Doc.[1] 1. On June 23, 2017, movant entered a plea of not guilty. CR Doc. 11. Later, he decided to plead guilty. He and his counsel signed a factual resume setting forth the penalties movant faced, the essential elements of the offense charged, and the stipulated facts establishing that movant committed the offense. CR Doc. 15. Movant and his counsel also signed a consent to administration of guilty plea and

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:17-CR-098-O.

allocution by United States Magistrate Judge. CR Doc. 18. On July 19, 2017, movant entered his plea of guilty. CR Doc. 17. At the rearraignment hearing, movant testified under oath that: He understood that he should never depend or rely upon any promise or statement by anyone as to what penalty would be assessed against him; his plea must not be induced or prompted by any promises, pressure, threats, force or coercion of any kind; the Court would not be bound by the stipulated facts and could take into account facts not mentioned in the stipulation; he had discussed his case, the issue of punishment, and how the sentencing guidelines might apply with his counsel and he was fully satisfied with the representation and advice received from his counsel; no one had made any promise or assurance of any kind to induce movant to enter a plea of guilty; no one had mentally, physically, or in any other way attempted to force him to plead guilty; he understood that he faced a term of imprisonment for a period of not more than ten years; he would not be allowed to withdraw his plea if the sentence was more severe than he expected; and, the stipulated facts in the factual resume were true and correct. CR Doc. 42 at 2–14. The Magistrate Judge found that the plea was knowing and voluntary, *id.* at 14, and issued a report and recommendation that the plea be accepted. CR Doc. 19. Movant did not object and the Court accepted the report and recommendation. CR Doc. 22.

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 8. CR Doc. 23, ¶ 16. He received an eight-level enhancement for having been previously convicted of a state felony offense resulting in a sentence of imprisonment of 2 years or more. *Id.* ¶ 17. He received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 23, 24. Based on a total offense level of 13 and a criminal history category of III, movant's guideline imprisonment range was 18 to 24 months. *Id.* ¶ 72. The probation officer

noted that an upward departure might be appropriate because his criminal history category substantially underrepresented the seriousness of his criminal history. *Id.* ¶ 85. Movant filed objections, CR Doc. 25, and the probation officer prepared an addendum to the PSR. CR Doc. 27. Movant persisted in his objections. CR Doc. 29.

On November 6, 2017, movant was sentenced to a term of imprisonment of 60 months. CR Doc. 35. The Court explained that an upward variance was necessary to take into account movant's dangerous criminal behavior, to justly punish him, to afford adequate deterrence, and to protect the public from future crimes of movant. CR Doc. 41 at 6–8. Movant appealed, CR Doc. 37, and his judgment was affirmed. *United States v. Martinez-Negrete*, 747 F. App'x 967 (5th Cir. 2019). His petition for writ of certiorari was denied. *Martinez-Negrete v. United States*, 139 S. Ct. 2625 (2019).

## II. GROUNDS OF THE MOTION

Movant asserts four grounds in support of his motion. The first and fourth grounds appear to be the same. Movant says that his counsel was ineffective because counsel (1) promised him that if he pleaded guilty, he would receive a sentence of not more than 40 months,[2] (2) failed to challenge the age of movant's prior convictions, (3) failed to file a motion for 5K3.1 fast track program, and (4) tricked movant by telling him he would receive a sentence of 36 to 42 months' imprisonment. Doc.[3] 1.

---

[2] Confusingly, movant also says that counsel advised him he would receive 36 to 42 months.
[3] The "Doc. __" reference is to the number of the item on the docket in this civil action.

### III. APPLICABLE LEGAL STANDARDS

#### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

#### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings

would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

In his first and fourth grounds, movant alleges that his counsel promised or advised him that he would receive a sentence of 36 to 42 months.[4] Doc. 1 at 4 and 8. But he makes nothing more than these conclusory allegations. He does not allege that his plea was not knowing and voluntary, but even if he did, he could not prevail. His solemn declarations in open court at his rearraignment are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his factual resume. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with

---

[4] In his fourth ground, he says that his counsel tricked him, but does not provide any specifics. Doc. 1 at 8.

5

representations he made in open court when entering his plea of guilty to prevail, he must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of the eyewitness to the promise." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." Id. "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." *Id. See also United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985).

Here, movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). He has made no attempt to show otherwise. And, he could not show prejudice, as there is no reason to believe that he would have insisted on going to trial but for his counsel's representations. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

In his second ground, movant refers to the 16-level enhancement based on criminal history and says that his counsel never filed any paperwork contesting his prior convictions. Doc. 1 at 5. The record reflects that movant did not receive a 16-level enhancement. And, he has not shown that any of his prior criminal convictions were not properly scored. This ground is without merit.

In his third ground, movant says that his counsel told him he would file a 5K3.1 motion. Doc. 1 at 7. The allegation is wholly conclusory and unsupported by anything in the record. Movant has made no attempt to present evidence to show that any promise was made. *See Cervantes*, 132 F.3d at 1110.

## V. CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 27th day of January, 2021.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**